**UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE GREEK BROS., INC | § | CASE NO. 18-60017-V5-11 |
| | § | |
| | § | |

**DEBTOR'S AMENDED PLAN OF REORGANIZATION**

**ARTICLE I**

**SUMMARY**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of The Greek Bros., Inc. ("Debtor") from future income. This Plan provides for classes of secured creditors, priority creditors, equity interest holders and unsecured creditors. This Plan also provides for the payment of administrative claims. All creditors should refer to the provisions of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.**

**ARTICLE II**

**CLASSIFICATION OF CLAIMS AND INTERESTS**

    1.    *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code.  Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan unless a particular claimant agrees to a different treatment. The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

**Margaret M. McClure** – Ms. McClure holds a retainer balance in the amount of $23,283.00 and estimates fees and expenses in the amount of $35,000.

**U.S. Trustee** – fees are current and will stay current until this case is closed.

**<u>Victoria County and Wharton County</u>** – <u>All post petition taxes will be paid in full as they become due. All tax liens shall remain in full force an effect until the taxes, as well as any penalties or interest that may ultimately accrue thereunto have been paid in full.</u>

        2.     *Priority Unsecured Tax Claims*

The **Internal Revenue Service** has filed a claim in the amount of $136,338.14. This claim will be paid, plus 6% interest in monthly installments and it will be paid in full within five years of the petition date. The payments will be approximately **$3,300.00** per month with the first monthly payment being due and payable on the 15th day of the first calendar month following 60 days after the effective date of the plan.

The **Comptroller of Public Accounts** filed three claims of $203,702.79 for sales and use taxes, $335,276.69 for mixed beverage sales taxes and $761,356.28 for mixed beverage tax. The Debtor has conducted an exhaustive audit regarding these taxes and will be objecting to these claims. In the event the Debtor does not prevail with its objections, these claims will be paid, plus 6.5% interest in monthly installments and the claims will be paid in full within five years of the petition date. The payments will be approximately **$4,900, $8,000,** and **$18,000** respectively per month with the first monthly payments being due and payable on the 15th day of the first calendar month following 60 days after the effective date of the plan.

        3.     *Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set-off) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim the deficiency will be classified as a general unsecured claim. The following chart lists all classes containing Debtor's secured pre-petition claims and the proposed treatment under the Plan:

**Texas Workforce Commission** – This creditor is owed $1,136.49 pursuant to its secured claim. It will be paid in full plus 6.5% interest in 60 monthly payments, with the first monthly payment being due and payable on the 15th day of the first month following 60 days after the effective date of the plan. The payment will be approximately **$23.00.**

**Wharton County** – This creditor is owed <u>$40,522.82 for ad valorem taxes for 2016-2018.</u> It will be paid in full plus statutory interest in 60 monthly payments, with the first monthly payment being due and payable on the 15th day of the first month following 60 days after the effective date of the plan. The payment will be approximately **$902.00.** <u>This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any real property or business personal property of the Debtor until it receives payment in full of all taxes and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.</u>

**Victoria County -** This creditor is owed $5,990.28.  It will be paid in full plus statutory interest in 60 monthly payments, with the first monthly payment being due and payable on the 15th day of the first month following 60 days after the effective date of the plan.  The payment will be approximately **$135.00.**  This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any real property of the Debtor until it receives payment in full of all taxes and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**The First State Bank, Louise** – This creditor is owed $196,978.17.  Pursuant to an Agreed Order entered in this court on November 25, 2018, Debtor will continue to make its regular monthly payments to this creditor each month until the property is sold.  The regular monthly payment is **$2,048.82.**

**IPFS Corporation –** This creditor is owed $19,446.16 pursuant to its claim. It will be paid in full in regular contractual payments for the Debtor's current insurance.

**Joseph and Sandra Garcia –** These creditors hold a judgment lien against the real property located at 131 South Mechanic, El Campo, Texas 77437.  If and when this real property sells and all prior lienholders are paid in full, the balance of any net proceeds will be paid to these creditors.  The balance owed to these creditors, if any, will be treated as a general unsecured claim.

**These claims are impaired**

        4.      *General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The allowed general unsecured creditors will be paid as much of what they are owed as possible and will be mailed The Greek Bros., Inc.'s previous year's financial statement each year for five years, during the term of the five-year Plan, on or about May 1st each year, beginning on May 1, 2020, and thereafter on or about May 1, 2021, May 1, 2022, May 1, 2023, and May 1, 2024.  Each year, if the Reorganized Debtor made a profit, after income taxes, and after making all priority and secured plan payments and normal overhead payments, the Reorganized Debtor shall pay to the allowed unsecured creditors their pro-rata share of 50% of the net profit for the previous year, in twelve monthly payments beginning on September 15th of the year in which the financial statement is mailed to these creditors.  Each year, during the term of the five-year Plan, the Reorganized Debtor will repeat the 12-month payment plan to the allowed unsecured creditors if the Reorganized Debtor made a net profit the previous year as reflected in the previous year's financial statement.  This payout will not exceed five years, and at the end of the five-year Plan term, the remaining balance owed, if any, to the allowed unsecured creditors will be discharged.

        5.      *Insider Claims*

Insiders will not be paid any pre-petition claims during the term of the Plan and their claims will be discharged upon confirmation of the Plan.

      6.    *Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in The Greek Bros., Inc. George Charkalis and Blanche Charkalis are the owners and will retain their ownership interest in the company.

## ARTICLE III

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

Claim Objections. The Debtor shall have 60 days from the Effective Date of the Plan to file objections to claims.

Vesting of Property   On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in Reorganized Debtor, free and clear of all claims and interests other than any contractual secured claims granted under any lending agreement, on the condition that Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7, all property vested in Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

Default – Any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law. In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtor to make a payment to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments if the payment is not cured within thirty (30) days after mailing written notice of default from such creditor to the Reorganized Debtor. Then the creditor may exercise any and all rights and remedies under applicable non-bankruptcy law to collect such claims or seek such relief as may be appropriate in the United States Bankruptcy Court.

# ARTICLE IV

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Assumed Executory Contracts and Unexpired Leases.

The Debtor assumes the following executory contracts and/or unexpired leases effective upon the "effective date of this Plan:" El Campo Refrigeration (2 equipment leases-1 for El Campo and 1 for Victoria), Razor, LLC (Victoria building), IPFS (lender for property & liability insurance-to allow ins to be paid in 12 monthly installments. Renews in April each year. The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of the order confirming this Plan, upon the "effective date of this Plan."  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

# ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

This Plan of Reorganization will be funded by the Reorganized Debtor through future business income of the Debtor.  The current management will remain in control.

# ARTICLE VI

## GENERAL PROVISIONS

Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

Effective Date of Plan. The effective date of this Plan is the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this

Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

Disputed Claims.  All claims that were listed in the schedules as "disputed" required the filing of a proof of claim.  If no proof of claim was timely filed, the claimant will not be paid under this Plan of Reorganization.

Late-Filed Claims.  Any late-filed claims shall not be allowed claims, and shall not be paid under this Plan of Reorganization.

## ARTICLE VII

## **DISCHARGE**

On the confirmation date of this Plan, The Greek Bros., Inc. will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Dated February 12, 2019.

/s/ Margaret M. McClure
_____
Margaret M. McClure, Attorneys for Debtor


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Amended Plan was mailed, either electronically or by U.S. mail to all parties in interest on the attached matrix on the 12th day of February, 2019.

/s/ Margaret M. McClure
_____
MARGARET M. MCCLURE

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-6<br>Case 18-60017<br>Southern District of Texas<br>Victoria<br>Wed Sep 12 09:40:51 CDT 2018 | First State Bank of Louise<br>Anderson Smith Null Stofer LLP<br>Richard T. Chapman<br>P.O. Box 1969<br>Victoria, TX 77902-1969 | Kingsbridge Holdings LLC<br>c/o Thomas R. Mulally<br>Spencer & Mulally<br>14156 Magnolia Blvd., Suite 200<br>Sherman Oaks, CA 91423-1182 |
| Texas Comptroller of Public Accounts<br>Jason Starks<br>P.O. Box 12548<br>Austin, TX 78711-2548 | The Greek Bros., Inc.<br>P.O. Box E<br>El Campo, TX 77437-1420 | Victoria County |
| Wharton Co JR Coll Dist<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>c/o John P. Dillman<br>Houston, TX 77253-3064 | Wharton County<br>co Lee Gordon<br>P.O. Box 1269<br>Round Rock, TX 78680-1269 | 6<br>United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208-1010 |
| ASCAP Music License<br>P.O. Box 331608<br>Nashville, TN 37203-7515 | Advocate Digital Media<br>P.O. Box 1518<br>Victoria, TX 77902-1518 | American Express Bank, FSB<br>c/o Becket and Lee, LLP<br>P.O. Box 3001<br>Malvern, PA 19355-0701 |
| American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 | BMI Music License<br>P.O. Box 630893<br>Cincinnati, OH 45263-0893 | Best Buy Credit Services<br>P.O. Box 790441<br>St. Louis, MO 63179-0441 |
| Canary Business Funding<br>3023 Ave J<br>Brooklyn, NY 11210-3837 | Cannell Air Conditioning<br>1006 E. Jackson<br>El Campo, TX 77437-4639 | Clayton B. Wilkins<br>The Cumputer Center<br>119 N Mechanic Street<br>El Campo, TX 77437-4415 |
| Comptroller of Public Accounts<br>C/O Office of the Attorney General<br>Bankruptcy - Collections Division MC-008<br>PO Box 12548<br>Austin TX  78711-2548 | Corporation Service Company<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703-4261 | Corporation Service Company<br>P.O. Box 2576<br>Springfield, IL 62708-2576 |
| Eco Lab<br>26252 Network Place<br>Chicago, IL 60673-1262 | Ecolab Inc.<br>c/o Zoltan Varga<br>655 Lone Oak Dr<br>Eagan, MN 55121-1649 | El Campo Refrigeration<br>P.O. Box 1645<br>El Campo, TX 77437-1645 |
| Express Working Capital, LLC<br>545 E. John Carpenter Freeway, #670<br>Irving, TX 75062-8169 | Funderz Net, LLC/Empire Funding<br>113 Nassau Street, Suite 31c<br>New York, NY 10038-2463 | GRP Funding<br>1350 Main Street<br>Springfield, MA 01103-1666 |
| Germania Farm Mutual<br>P.O. Box 1400<br>Brenham, TX 77834-1400 | Glazier Foods Company<br>c/o Gordon Food Service, Inc.<br>P.O. Box 2244<br>Grand Rapids, MI 49501-2244 | Gordons Food Service<br>P.O. Box 2244<br>Grand Rapids, MI 49501-2244 |

| | | |
|---|---|---|
| Hodges Welding Supply, Inc.<br>P.O. Box 1328<br>El Campo, TX 77437-1328 | Howard Marek<br>Marek, Griffin & Knaupp<br>P.O. Box 2329<br>Victoria, TX 77902-2329 | IPFS Corporation<br>30 Montgomery Street<br>Suite 501<br>Jersey City, NJ 07302-3821 |
| IRS-U.S. Attorney<br>1000 Louisiana Street, Suite 2300<br>Houston, TX 77002-5010 | IRS-US Atty Gen<br>10th & Constitution, N.W.<br>Washington, DC 20530-0001 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | James G. Rea/Thomas Whelan<br>MeGuire, Craddock & Strother, PC<br>2501 Harwood Street, #1800<br>Dallas, TX 75201-1613 | John Mayer<br>Ross, Banks, May, Cron, & Cavin, P.C.<br>7700 San Felipe, Suite 550<br>Houston, TX 77063-1618 |
| Joseph & Sandra Garcia<br>c/o Marek, Griffin & Knaupp<br>P.O. Box 2329<br>Victoria, TX 77902-2329 | Joseph Garcia and Sandra Garcia<br>c/o Richard T. Chapman<br>P.O. Box 1969<br>Victoria, TX 77902-1969 | Kingsbridge Holding, LLC<br>c/o Mr. John S. Mayer<br>Ross Banks May Cron & Cavin, PC<br>7700 San Felipe, Suite 550<br>Houston, TX 77063-1618 |
| Kingsbridge Holdings, LLC<br>c/o Mr. Thomas R. Mulally<br>14156 Magnolia Blvd., Suite 200<br>Sherman Oaks, CA 91423-1182 | Praxair Distribution, Inc.<br>P.O. Box 120812<br>Dallas, TX 75312-0812 | Razor LLC/<br>Lee Ferguson<br>204 N. Liberty<br>Victoria, TX 77901-6531 |
| Razor, LLC/Lee Ferguson<br>c/o Hensley & Krueger, LLP<br>2211 Norfolk, Suite 211<br>Houston, TX 77098-4166 | Razor, LLC/Lee Ferguson<br>c/o Mr. Nelson T. Hensley<br>Attorney at Law<br>24 Greenway Plaza, Suite 1305<br>Houston, TX 77046-2425 | SESAC Music License<br>55 Music Square East<br>Nashville, TN 37203-4324 |
| Sysco Houston<br>10710 Greens Crossing Blvd.<br>Houston, TX 77038-2716 | TEXAS WORKFORCE COMMISSION<br>REGULATORY INTEGRITY DIVISION - SAU<br>101 EAST 15TH STREET, ROOM 556<br>AUSTIN, TX 78778-0001 | Terminix<br>P.O. Box 505<br>Linden, MI 48451-0505 |
| Texas Comptroller of Public Accounts<br>P.O. Box 149354<br>Austin, TX 78714-9354 | Texas Comptroller of Public Accounts<br>c/o Mr. Jason Starks<br>P.O. Box 12548<br>Austin, TX 78711-2548 | Texas Workforce Commission<br>P.O. Box 149352<br>Austin, TX 78714-9352 |
| Texas Workforce Commission<br>c/o Mr. Jason Starks<br>P.O. Box 12548<br>Austin, TX 78711-2548 | The Computer Store<br>119 North Mechanic Street<br>El Campo, TX 77437-4415 | The First State Bank of Louise<br>206 N. North S<br>Louise, TX 77455 |
| The First State Bank, Louise<br>c/o Mr. Richard T. Chapman<br>P.O. Box 1969<br>Victoria, TX 77902-1969 | Thomas R. Mulally<br>Spencer & Mulally<br>14156 Magnolia Blvd., Suite 200<br>Sherman Oaks, CA 91423-1182 | (c)TIMEPAYMENT CORPORATION<br>1600 DISTRICT AVE STE 200<br>BURLINGTON MA  01803-5233 |

| | | |
|---|---|---|
| Triton WC Victoria, LTD<br>Attn: Robert E. Morrison<br>2414 No. Akard Street, # 500<br>Dallas, TX 75201-1764 | Triton WC Victoria, LTD<br>c/o James G. Rea/Thomas Whelan<br>2501 Harwood Street, #1800<br>Dallas, TX 75201-1613 | US Food Service<br>9399 West Higgins Road, Suite 500<br>Rosemont, IL 60018-4992 |
| US Foods, Inc.<br>Attn: Theresa Brown-Edwards<br>9399 W. Higgins Road, Suite 600<br>Rosemont, IL 60018-4940 | US Premium Finance<br>280 Technology Parkway, Suite 200<br>Norcross, GA 30092-2990 | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 |
| Victoria County<br>c/o Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | Victoria County<br>c/o Ms. Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>2700 Via Fortuna, Suite 400<br>AUSTIN, TX 78746-7997 | Victoria County<br>c/o Ms. Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 |
| Victoria County Tax Office<br>205 N. Bridge Street, Suite 101<br>P.O. Box 2569<br>Victoria, TX 77902-2569 | Wharton Co Jr Coll Dist<br>c/o John P. Dillman<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>Houston, Tx 77253-3064 | Wharton County<br>c/o Lee Gordon<br>700 Jeffrey Way, Suite 100<br>Round Rock, TX 78665-2417 |
| Wharton County<br>c/o Lee Gordon<br>P.O. Box 1269<br>Round Rock, TX 78680-1269 | Wharton County Junior College District<br>c/o Mr. John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, Tx 77253-3064 | Wharton County Tax Assessor<br>P.O. Box 189<br>Wharton, TX 77488-0189 |
| Yellowstone Capital, LLC<br>One Evertrust Plaza, Ste 1401<br>Jersey City, NJ 07302-3087 | Margaret Maxwell McClure<br>Attorney at Law<br>909 Fannin<br>Suite 3810<br>Houston, TX 77010-1030 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
Special Procedures Branch
300 E. 8th Street, Mail Stop 5026 AUS
Austin, TX 78701


Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

TimePayment Corporation
16 New England Executive Park, Suite 200
Burlington, MA 01803

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)United States of America

(d)GRP Funding
1350 Main Street
Springfield, MA 01103-1666

(d)Texas Workforce commission
Regulatory Integrity Division - SAU
101 East 15th Street, Room 556
Austin, TX 78778-1442

(d)The Greek Bros., Inc.
P.O. Box E
El Campo, TX 77437-1420

(u)Joseph and Sandra Garcia

End of Label Matrix
Mailable recipients    76
Bypassed recipients     5
Total                  81